# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 94-KA-00261-SCT

*WALLACE GATEWOOD*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/24/94 |
| TRIAL JUDGE: | HON. HENRY LAFAYETTE LACKEY |
| COURT FROM WHICH APPEALED: | MARSHALL COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DAVID L. WALKER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| DISTRICT ATTORNEY | LON STALLINGS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 5/15/97 |
| MOTION FOR REHEARING FILED: | 5/27/97 |
| MANDATE ISSUED: | |

**BEFORE DAN LEE, C.J., BANKS AND ROBERTS, JJ.**

**BANKS, JUSTICE, FOR THE COURT:**

Wallace Gatewood appeals his conviction and sentence of 15 years for Sale of a Controlled Substance (Cocaine). He assigns four issues of error: (1) the trial court erred in failing to sustain Gatewood's objection to the State's race-based exercise of a peremptory challenge of a prospective juror, (2) the trial court erred in failing to sustain Gatewood's objection to the State's gender-based exercise of peremptory challenge of that same prospective juror, (3) the trial court erred in failing to sustain Gatewood's objection to the admission of the tape recording of the drug transaction between Gatewood and James Brown, and (4) the verdict of the jury was against the overwhelming weight of the evidence.

None of these claims warrant Gatewood any relief. We find that Gatewood's first and second assignments of error are meritless because the trial court was not clearly erroneous in accepting the

State's neutral reasons for exercising a peremptory strike against the juror to which Gatewood raised *Batson* and *J.E.B.* objections (the reason being that the juror at issue was involved in drugs and related to others whom they had prosecuted). *Simon v. State,* 679 So. 2d 617, 620 (Miss. 1996) (adopting *Batson*-like scheme of analyzing gender discrimination claims in jury selection, and holding that clearly erroneous standard applies).

His third claim of error does not avail him of any relief because the error was injected into the trial by Gatewood himself. Since the alleged hearsay response would never have been admitted had Gatewood's counsel not asked the witness the question which called for a hearsay answer, Gatewood cannot now complain that this evidence was brought out. *See, e.g., Reddix v. State*, 381 So. 2d 999, 1008-9 (Miss. 1980), *cert. denied*, 449 U.S. 986 1980 (1980).

Finally, his fourth claim of error does not avail him of any relief because the verdict was not contrary to the overwhelming weight of the evidence. *Thornhill v. State*, 561 So. 2d 1025, 1030 (Miss. 1989) , *reh'g denied,* 563 So. 2d 609 (Miss. 1990).

Accordingly, the conviction and sentence entered below is affirmed.

**CONVICTION OF SALE OF A CONTROLLED SUBSTANCE, COCAINE, AND SENTENCE OF FIFTEEN (15) YEARS IN THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND ORDERED TO PAY A FINE OF $2,500 PLUS COURT COSTS AND APPLICABLE FEES AFFIRMED**.

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**